PEOPLE *v.* SHAFFER.

1. CRIMINAL LAW—INFANT—RIGHT TO COUNSEL—WAIVER—PLEA OF GUILTY.
    One who is 18 years old may effectively waive his right to counsel upon arraignment in circuit court for felony of armed robbery and plead guilty to information (CLS 1961, § 750.529).

2. SAME—PLEA OF GUILTY—PROCEEDINGS—PROMISE OF LENIENCY.
    Claim of defendant accused of felony of armed robbery that police officers promised leniency in sentence if he pleaded guilty *held,* without merit, where record shows that trial court fully advised him that if he pleaded guilty or was found guilty of crime charged, he would be sent to prison (CLS 1961, § 750-.529).

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 April 7, 1966, at Grand Rapids. (Docket No. 1,212.) Decided September 13, 1966.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 316 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*

Lyle Charles Shaffer was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Smith & Haughey* (*L. Roland Roegge,* of counsel), for defendant.

BURNS, P. J. The appellant, who was 18 years of age, married and a member of the armed forces (although absent without leave at the time) entered a plea of guilty to the charge of armed robbery.[1]

The appellant claims that a youth of the age of 18 years is not capable of waiving his right to counsel, and that police officers told him if he would plead guilty the judge would be lenient and probably place him on probation.

The trial judge meticulously complied with GCR 1963, 785.3. The record indicates the following colloquy between the court and the appellant:

*"The Court:* Lyle Shaffer, do you understand the charge placed against you?

*"Defendant:* Yes, sir.

*"The Court:* I advise you, this is a serious charge, and if you plead guilty or if you are found guilty after a trial, you will be sent to prison for having committed the offense. You understand that?

*"Defendant:* Yes, sir.

*"The Court:* I further advise you that you are entitled to a jury trial to have it determined whether you are guilty or not guilty. Do you understand that?

*"Defendant:* Yes, sir.

---

[1] CLS 1961, § 750.529. (Stat Ann 1965 Cum Supp § 28.797).

"*The Court:* I further advise you that you are entitled to be represented by an attorney, that is an attorney you employ. If you have no money to employ an attorney, if you so request, I will appoint an attorney to represent you. Do you understand that?

"*Defendant:* Yes, sir.

"*The Court:* Knowing what the charge is, well, first I will ask you this, do you have an attorney?

"*Defendant:* No, sir.

"*The Court:* Do you feel that you should have an attorney before we proceed further, or are you prepared to enter a plea at this time?

"*Defendant:* I plead guilty, Your Honor.

"*The Court:* I see, you do understand that I will appoint an attorney to represent you if you so request?

"*Defendant:* Yes, sir.

"*The Court:* However, knowing what the charge is and knowing your rights, it is your desire to do what?

"*Defendant:* To plead guilty, sir.

"*The Court:* Has anyone made you any promises, threats, or abused you in any way to get you to plead guilty?

"*Defendant:* No, sir."

The appellant does not claim that the court failed to advise him of his rights, denied him counsel or failed to inform him of the consequences of a plea of guilty. He merely claims that because he is under 21 years of age (he was 18 at the time of the sentence), he cannot waive his right to counsel. Appellant has not cited any authority for this proposition and this Court does not accept said principle to be the law of Michigan. As stated in *Carter* v. *Illinois* (1946), 329 US 173 (67 S Ct 216, 91 L ed 172):

"This does not, however, mean that the accused may not make his own defense; nor does it prevent him from acknowledging guilt when fully advised

of all its implications and capable of understanding them."

The appellant was not of such tender age as to require arraignment in juvenile court, and he can waive his right to an attorney as an adult.

As to the second alleged error, that appellant was promised leniency if he pleaded guilty, the trial court fully advised the appellant he would be sent to prison if he pleaded guilty or was found guilty, and this Court does not find any merit to said claim.

Judgment affirmed.

Although the late Judge WATTS heard oral arguments on this case, his death occurred prior to preparation of the final opinion.

FITZGERALD, J., concurred.