## PEOPLE v. WILSON.

1. CRIMINAL LAW—ARRAIGNMENT—BREAKING AND ENTERING DWELLING—APPOINTMENT OF COUNSEL.

Defendant's contention that trial judge should appoint counsel to represent an indigent minor defendant, charged with the crime of breaking and entering an occupied dwelling with intent to commit larceny therein, at the arraignment in order to assure due process of law as guaranteed by amendments to the Constitution of the United States, *held* not well taken, and unsupported by the authorities (US Const, Ams 5, 14; CL 1948, § 750.110, as amended by PA 1964, No 133).

2. APPEAL AND ERROR — QUESTIONS REVIEWABLE — STATEMENT OF QUESTIONS INVOLVED.

The Court of Appeals will not ordinarily consider a point on appeal which is not set forth or necessarily suggested by the statement of questions involved in the brief (GCR 1963, 813.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 318, 319.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 545, 648, 684, 685, 723.

3. CRIMINAL LAW—STATEMENT OF QUESTIONS INVOLVED—ARRAIGN-
   MENT—APPOINTMENT OF COUNSEL.
   Question as to whether indigent minor defendant was given an
   opportunity to request counsel at arraignment on charge of
   breaking and entering an occupied dwelling with intent to
   . commit a larceny therein is not considered, where it was
   neither set forth nor necessarily suggested by the statement
   of questions involved (GCR 1963, 813.1).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted Division 2 October 6, 1966, at Lansing.
(Docket No. 1,500.) Decided December 22, 1966.

Larry Andrew Wilson was convicted, on plea of
guilty, of breaking and entering an occupied dwell-
ing with intent to commit a larceny therein. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald L. Reisig,*
Prosecuting Attorney, and *James B. Brown,* Assist-
ant Prosecuting Attorney, for the people.

*Glassen, Parr, Rhead & McLean (Max R. Murphy,*
of counsel), for defendant.

QUINN, P. J. July 2, 1965, without counsel, de-
fendant pleaded guilty in Ingham county circuit
court to a charge of breaking and entering with
intent to commit larceny in an occupied dwelling
in violation of CL 1948, § 750.110, as amended by
PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28-
.305). July 29, 1965, defendant was sentenced to
State prison for southern Michigan for a term of
3 to 15 years. He was then advised of his right
to appellate review, of his right to counsel and tran-
script at public expense for the purpose of post-
conviction proceedings and appellate review, and of
the time limit for requesting same. He was tendered

3 copies of forms to be filed by him to obtain counsel and transcript, but he declined the assistance and refused the forms. Defendant was then 18 years of age. September 24, 1965, defendant filed petition for counsel and transcript, and counsel was appointed October 15, 1965, and transcript was ordered November 3, 1965. Claim of appeal from the judgment of July 29, 1965 was filed November 5, 1965.

The sole question on this appeal is stated by defendant as follows:

"Where an indigent, minor defendant is charged with a felony, should a circuit court judge appoint counsel to represent said defendant at the arraignment in order to assure due process of law as guaranteed by the 5th and 14th amendments of the Constitution of the United States?"

In support of an affirmative answer to this question, defendant relies on *People* v. *Atkins* (1966), 2 Mich App 199, but the question was neither raised nor ruled on in *Atkins*. The other authorities relied on by defendant to support his position did not involve the question here posed. Our research has disclosed no authority to support defendant's position, and without authority to sustain the position, we decline to adopt it as the law of this State.

While the record before us has the same deficiency that was one of the reasons for the decision in *Atkins, supra,* namely: failure of the record to disclose that defendant was given an opportunity to request counsel, we feel bound by GCR 1963, 813.1, which provides in part:

"Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of the questions involved."

In *People* v. *Robinson* (1955), 344 Mich 353, at 363, the Supreme Court held:

"Defendant's statement of reason and ground for appeal raises a single claim of error. No other will be considered."

An extension of this rule appears in *People* v. *George* (1965), 375 Mich 262, where the Supreme Court declined to consider 5 of 10 questions raised on appeal because the former were not discussed or mentioned in the brief.

The deficiency above referred to is neither set forth nor necessarily suggested by the statement of the question involved and we find nothing in this record that moves us to act *sua sponte.*

Affirmed.

N. J. KAUFMAN and McGREGOR, JJ., concurred.