PEOPLE *v.* SCHWARTZ.

1. CRIMINAL LAW—ARRAIGNMENT—QUESTIONS—ACCEPTANCE OF PLEA OF GUILTY.
    Questions by circuit judge on arraignment for breaking and entering an unoccupied dwelling with intent to commit larceny, the answers to which tended to show defendant's guilty knowledge of subject matter of larceny and prior court appearances by defendant, *held*, not a denial of due process in arraignment proceeding which resulted in court's acceptance of plea of guilty to crime charged, in absence of showing that plea of guilty was result of questions (CL 1948, § 750.110, as amended by PA 1964, No 133).

2. SAME — ARRAIGNMENT — TRANSCRIPT — CERTIFICATION BY TRIAL JUDGE.
    Certification by judge of transcript of proceedings on arraignment, required by court rule, *held*, timely when done after sentence on a plea of guilty (GCR 1963, 785.3[3]).

———

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 452, 485, 486.
[2]  4 Am Jur 2d, Appeal and Error § 404.
   21 Am Jur 2d, Criminal Law §§ 452, 454.
[3]  21 Am Jur 2d, Criminal Law § 316.
[4]  21 Am Jur 2d, Criminal Law §§ 452, 485, 486.

3. SAME—INFANT—WAIVER OF RIGHT TO COUNSEL—PLEA OF GUILTY.
    One who is 18 years old may effectively waive his right to counsel
        upon arraignment in circuit court for felony of breaking and
        entering an unoccupied dwelling with intent to commit larceny
        and plead guilty to information (CL 1948, § 750.110, as
        amended by PA 1964, No 133).

4. SAME—ARRAIGNMENT—ACCEPTANCE OF PLEA OF GUILTY.
    Review of transcript *held*, to show that trial judge, on arraign-
        ment of defendant charged with breaking and entering an
        unoccupied dwelling with intent to commit larceny, displayed
        due regard and respect to defendant's age of 18 years, his
        alleged lack of experience, and his constitutional rights before
        accepting plea of guilty (CL 1948, § 750.110, as amended by
        PA 1964, No 133).

Appeal from Missaukee; Peterson (William R.),
J. Submitted Division 3 January 4, 1967, at Grand
Rapids. (Docket No. 2,219.) Decided April 25,
1967.

Robert Schwartz was convicted of breaking and
entering an unoccupied dwelling with intent to commit
larceny therein. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, and *Gary C. Hoffman*,
Prosecuting Attorney, for the people.

*Carl W. Bilyea*, for defendant.

BURNS, J. Defendant, without counsel, pleaded
guilty to the charge of breaking and entering an
unoccupied dwelling with intent to commit larceny,
in violation of CL 1948, § 750.110, as amended by
PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).
Defendant was placed on probation for 2 years, but
probation was subsequently revoked and defendant
was sentenced to prison.

Defendant has appealed, claiming that the trial court erred:

1. By questioning the defendant as to the alleged crime before a plea of guilty was entered;

2. Because the presiding judge did not certify the transcript before it was filed with the county clerk;

3. By allowing an 18-year-old boy to waive the right to counsel without the benefit of friends, parents or counsel;

4. Because the trial court did not fully examine the defendant as to the facts of the alleged crime before accepting his plea of guilty.

The arraignment of Robert Schwartz commenced with the reading of the information which alleged, in part, that defendant had stolen "a quart of peaches" and some other items from a cabin in Missaukee county. Immediately thereafter the court asked the following questions:

*"The Court: Were these home-canned peaches?*
*"Defendant:* Yes.
*"The Court:* Are you Robert Schwartz?
*"Defendant:* Yes.
*"The Court:* How old are you, Bob?
*"Defendant:* Eighteen.
*"The Court:* Where do you live?
*"Defendant:* Kalamazoo.
*"The Court:* Are your parents here?
*"Defendant:* No.
*"The Court:* Do you have any relatives here?
*"Defendant:* No.
*"The Court: Have you ever been in court before?*
*"Defendant:* No. I've been in juvenile court.
*"The Court:* How far did you go in school?
*"Defendant:* I'd a had four more weeks to finish in the eleventh.
*"The Court:* I take it, then, that you read and write the English language?
*"Defendant:* Yes."
(Emphasis supplied.)

The arraignment continued, defendant pleaded guilty and the plea was accepted.

Defendant argues that it was a violation of due process* for the trial court to ask the above emphasized questions *before* the court explained defendant's constitutional rights or received a plea of guilty as required by GCR 1963, 785.3. To quote from defendant's brief:

"Appellant contends that the questioning of defendant by the court in regard to the peaches and defendant's prior appearance before a court, results in requiring the defendant to plead to the charge by indirect means, where it is not permitted by direct means."

In order to uphold defendant's position we would have to conclude that defendant pleaded guilty, or a plea of guilty was elicited by the judge because of the "peach" remark and the conversation concerning prior court appearance. This we cannot do. The arraigning judge did not, in the slightest degree, try to stretch defendant's answers into a binding plea. The fact that defendant knew that the quart of peaches was home-canned might possibly be considered by a fact finder as an admission of guilt if the statement was made or related during the course of a trial, but it certainly cannot be (and was not in the instant case) interpreted as such when made during arraignment proceedings.

Next, defendant contends that the transcript of the arraignment is not a competent record because the trial court failed to certify it when it was filed with the county clerk. However, the circuit judge signed the following certification subsequent to the sentence proceedings held January 21, 1966:

"I, William R. Peterson, circuit judge in and for the 28th judicial circuit of Michigan, do hereby cer-

---

* US Const, Am 14; Mich Const 1963, art 1, § 17.

tify that the foregoing is a true and accurate record of the proceedings had at the time of arraignment and/or sentence in the above entitled cause, which I have caused to be prepared by the official court reporter in accordance with GCR 1963, 785.3."

GCR 1963, 785.3(3) requires judicial certification of the stenographic record of all arraignment and sentence proceedings, but this court rule does not specify the time for certification. Therefore, we hold that the judge's certification which was, filed after the sentence was proper and timely.

Defendant's third claim on appeal is that an 18-year-old "boy" without benefit of friends, parents, or counsel, is not capable of intelligently waiving his right to counsel provided by United States Const, Am 6 and 14, and Mich Const 1963, art 1, § 20. We have considered similar arguments in *People* v. *Shaffer* (1966), 4 Mich App 192, and *People* v. *Wilson* (1966), 5 Mich App 428. Defendant's claim is without merit.

In conclusion, defendant contends that the circuit judge should have conducted a "more painstaking" examination when: (1) he explained defendant's constitutional rights and the nature of the crime and its elements before accepting a plea of guilty and (2) he inquired into defendant's participation in the crime after receiving the plea. We have carefully reviewed the arraignment transcript and find that the judge displayed due regard and respect to defendant's age, alleged lack of experience and constitutional rights. Furthermore, the judge's inquiry into the facts of the crime was sufficiently comprehensive to warrant acceptance of defendant's plea of guilty.

Affirmed.

FITZGERALD, P. J., and QUINN, J., concurred.