PEOPLE *v.* BAILEY.

1. CRIMINAL LAW—INDIGENT ACCUSED—ASSISTANCE OF COUNSEL.
An indigent accused's waiver of the right to the assistance of counsel must be an intelligent and understanding rejection of the offer of a court to furnish counsel at public expense.

2. SAME—ARRAIGNMENT—ASSISTANCE OF COUNSEL.
Statement of circuit court at time of arraignment on charge of breaking and entering a store building with intent to commit a larceny therein that in the event 19-year-old indigent accused was financially unable to procure an attorney and request is made that the court *will consider* appointing an attorney to represent accused *held,* under the circumstances not to be substantial compliance with court rule relative to an accused's right to counsel to advise him how to plead (CL 1948, § 750-.110, as amended by PA 1964, No 113; GCR 1963, 785.3[1]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 317.
[2] 21 Am Jur 2d, Criminal Law § 318 *et seq.*

Appeal from Macomb; Carroll (Howard A.), J. Submitted Division 2 April 5, 1967, at Lansing. (Docket No. 2,462.) Decided June 13, 1967.

David Mark Bailey was convicted on plea of guilty to charge of breaking and entering a store building with intent to commit a larceny therein. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Max D. McCullough,* Assistant Prosecuting Attorney, for the people.

*Robert L. Coburn,* for defendant.

MILLER, J. This 19-year-old first felony offender, with an extensive juvenile record and no one in the position of parent, was charged with breaking and entering a store building with intent to commit a felony therein, to-wit, larceny, contrary to CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305). He appeared in circuit court without an attorney after spending 21 days in the county jail for failure to post $2,000 bond. He was advised of his constitutional rights in the colloquy which follows:

*"The Court.* You understand you are charged with breaking and entering a building intending to steal something.
*"Defendant.* Yes.
*"The Court.* Do you understand that? You have a right to have a trial by a jury. You have a right to have your attorney represent you. In the event you are unable to procure an attorney financially, and you in your case being the age you are, your relatives, those responsible for you, and request is

made the court will consider appointing an attorney to represent you. This offense carries a penalty up to as much as 10 years in the State prison.

"Do you have any questions you want to ask?

"*Defendant.* Not really. I already pled guilty to the charge.

"*The Court.* Sorry.

"*Defendant.* I have already pled guilty to the charge.

"*The Court.* Not up here you haven't.

"*Defendant.* I see.

"*The Court.* You haven't up here. My question right now is this: Do you have any questions you want to ask me?

"*Defendant.* No, sir.

"*The Court.* How do you plead to this?

"*Defendant.* Guilty. * * *

"*The Court.* Has anybody promised you I am going to go easier on you, on sentence, than I would if you had a trial?

"*Defendant.* No, sir."

On October 6, 1965 defendant was sentenced for a period of not less than 2 years nor more than 10. The calendar entries show receipt October 11, 1965 of a letter dated October 8 from the defendant stating, "As I feel that this was too harsh a punishment for my crime I would like to appeal this case." Counsel was promptly appointed.

The sole question presented by appellant is whether an indigent defendant should be advised at the arraignment not only of his right to an attorney for trial, but specifically of his right to advice concerning his election to plead guilty or not guilty.

The defendant contends that he understood from the colloquy quoted above that he had a right to an attorney only if he wanted a trial. The issue is whether there is "substantial compliance" with GCR 1963, 785.3(1) and the constitutional requirements of the Fourteenth Amendment. *People* v. *Winegar*

(1966), 4 Mich App 547.   Otherwise stated, did the
defendant knowingly and intelligently waive coun-
sel and plead guilty?   *In re Palmer* (1963), 371
Mich 656, 660.   In *Carnley* v. *Cochran* (1963), 369
US 506, 516 (82 S Ct 884, 8 L ed 2d 70), the court
said:

"The record must show, or there must be an alle-
gation and evidence which show, that an accused
was offered counsel but intelligently and understand-
ingly rejected the offer.   Anything less is not
waiver."

While the court did advise defendant of the right
to counsel, this was qualified by the expression "will
consider."   *People* v. *Cairns* (1966), 4 Mich App
633, 640.   In this case the defendant was indigent
and this fact was indicated to the court at that point
by defendant's failure to post bond for 21 days.
The court did ask defendant twice if he had any
questions, but to a 19-year-old this may not have
been understood as his opportunity to request coun-
sel.   *People* v. *Atkins* (1966), 2 Mich App 199.
*People* v. *Hilko* (1966), 5 Mich App 166, 168.   His
experiences in juvenile court where informality is
stressed would not ordinarily prepare him for this
situation.   In any event, it is clear from the record
that the defendant was confused and needed counsel
to advise him of the consequences of the action taken
"below" and the pleas available in circuit court.   He
indicated this to the court by stating, "Not really.
I already pled guilty to the charge."   This point
was not clarified by the circuit judge nor did he
appoint counsel to do so.

The plea is vacated and the matter remanded for
further proceedings.

QUINN, P. J., and McGREGOR, J., concurred.