PEOPLE v. THRASHER.

1. CRIMINAL LAW—INFANT—RIGHT TO COUNSEL—WAIVER—PLEA OF
GUILTY.

> One who is 18 years old may effectively waive his right to counsel
> upon arraignment in circuit court for carrying a dangerous
> weapon in a motor vehicle and may plead guilty to the infor-
> mation (CL 1948, § 750.227).

2. SAME—ARRAIGNMENT—NATURE OF ACCUSATION—CONSEQUENCE OF
PLEA.

> An accused who is informed before making his plea of guilty
> of his right to counsel and to court appointed counsel if he is
> financially unable to retain a lawyer, and who, after pleading
> guilty, is examined as to the voluntariness of the plea, is in-
> formed of the nature of the accusation against him and the con-
> sequence of his plea (GCR 1963, 785.3).

3. SAME—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.

> Granting or denying a motion for withdrawal of a plea of guilty
> before or after sentence is within the discretion of the trial
> judge.

4. SAME—WITHDRAWAL OF PLEA OF GUILTY—CARRYING DANGEROUS
WEAPON IN MOTOR VEHICLE.

> Request to withdraw plea of guilty to charge of carrying danger-
> ous weapon in motor vehicle held, properly denied, where

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 310, 318, 319.
Plea of guilty without advice of counsel. 149 ALR 1403.
[2] 21 Am Jur 2d, Criminal Law § 491.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 504, 506, 509, 510.
Right to withdraw plea of guilty. 20 ALR 1445, 66 ALR 628.
Withdrawal of plea of guilty and substitution of plea of not guilty
after conviction, 146 ALR 1430.

record showed the defendant pled guilty almost 2 years before making motion to withdraw plea of guilty, that he had been placed on probation, and when only a few weeks from completing the term of probation violated it (CL 1948, § 750.227).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted Division 3 December 7, 1967, at Grand Rapids. (Docket No. 3,456.) Decided March 26, 1968. Rehearing denied May 8, 1968. Leave to appeal denied July 30, 1968. See 381 Mich 766.

Terry Lee Thrasher was convicted upon a plea of guilty of carrying a dangerous weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *John W. Mitzel,* Assistant Prosecuting Attorney, for the people.

*Troff, Lilly, Bonow, Piatt & File (Randolph McCarthy,* of counsel), for defendant.

Holbrook, P. J. Defendant-appellant, Terry Lee Thrasher, was arrested and charged with the crime of carrying a dangerous weapon (an iron blackjack or bludgeon) in a motor vehicle contrary to CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424). At his arraignment on December 28, 1964, he entered a plea of guilty. On February 8, 1965, at a sentencing hearing, defendant was placed on probation for 2 years. Defendant was without representation by counsel at arraignment and sentencing.

On January 12, 1967, defendant was charged with violating the terms of his probation. At this time he engaged the services of counsel. At the hearing,

held January 20, 1967, defendant was found to have violated his probation and the probation order was set aside. A motion to withdraw his earlier plea of guilty was filed by defendant on January 25, 1967. The motion was denied at a hearing held January 30; a motion for rehearing on the denial of the motion for withdrawal of the guilty plea was also denied. Thereafter, on February 20, 1967, defendant was sentenced to a term not exceeding 5 years and not less than 18 months with a recommendation that he serve 18 months.

Issues raised for review are as follows:

(1) Did the trial court err in failing to inform defendant of the nature of the accusation and the consequence of his plea?

(2) Did the trial court err in denying defendant's motion to withdraw his guilty plea?

In connection with the first issue raised for our consideration, defendant points out that he did not complete his high school education and was 18 years old when, without counsel, he entered his plea of guilty.

At 18 a defendant is deemed capable of pleading guilty to a crime. *People* v. *Shaffer* (1966), 4 Mich App 192, 194. A defendant's level of education may have a bearing on his ability to understand the charge made against him; however, the arraignment record indicates that defendant Thrasher did understand the charge made against him. The following colloquy between the trial court and defendant followed a reading of the information and demonstrates to our satisfaction that defendant was informed of the nature of the accusation against him and the consequence of his plea as required under GCR 1963, 785.3:

(*Questions by the court*)
"Q. What is your age?
"A. Eighteen.

"*Q.* Eighteen. You have no lawyer, do you?

"*A.* No.

"*Q.* You have the right to have a lawyer and, as I have explained to several of these other men ahead of you, if you want an attorney you should get your own. But if you want an attorney and do not have the money with which to get your own, and cannot arrange through friends or relatives to get an attorney and want one, I will appoint a lawyer for you and the county will pay that lawyer. Do you understand that?

"*A.* Yes.

"*Q.* In other words, you can have a lawyer whether you can afford it or not. Do you want a lawyer to represent you?

"*A.* No, sir.

"*Q.* Since you want no attorney, it is my duty to advise you that you have the right to be tried by a jury. *If you plead guilty there will be no trial; there will be nothing for the court to do but pass sentence after a presentence investigation.* So, if you want a trial, either plead not guilty or stand mute, don't plead anything at all. Do you understand that? He indicates yes. *You are charged with carrying a dangerous weapon in a vehicle.* To that what do you want to plead, guilty or not guilty?

"*A.* Guilty.

"*Q.* What is it that you carried and where did you carry it?

"*A.* A blackjack. It was under the seat.

"*Q.* You carried it under the seat?

"*A.* Yes.

"*Q.* How did you happen to have a blackjack in the car?

"*A.* I made it.

"*Q.* You made it?

"*A.* Yes.

"*Q.* Well, what did you make it for and why did you carry it?

"*A.* Because I work at a gasoline station and carried money home at night after we closed up, and

the guys around there told me that guys might stop me along the road and take the money, so, I threw it underneath the seat and left it there.

"*Q.* And you carried it on the public highways, did you, under the seat of the car?

"*A.* Yes, sir.

"*Q.* You were not in your dwelling house or place of business or on property that you owned, but you were on the public highway, is that right?

"*A.* Yes, sir.  \*  \*  \*

"*Q.* Has anybody threatened you if you did not plead guilty?

"*A.* No, sir.

"*Q.* Has anybody promised you anything if you would?

"*A.* No, sir.

"*Q.* How did you happen to get caught?

"*A.* I got stopped for excessive noise.

"*Q.* Then did they search your car?

"*A.* No. It just lay on the floor and they saw it. When I got out of the car, a light came on.

"*Q.* They what? Oh, your light came on and they saw it?

"*A.* Yes.

"*The Court.* All right, I am satisfied his plea is freely, understandingly and voluntarily made, without compulsion, duress or promise of leniency. Has anybody promised you anything if you would plead guilty?

"*The Defendant.* No, sir.

"*The Court.* Or threaten you if you did not?

"*The Defendant.* No, sir.

"*The Court.* All right, the plea of guilty may be accepted." (Emphasis supplied.)

See *People* v. *Charles A. White* (1967), 8 Mich App 220.

The reasons for the trial judge's denial of defendant's motion to withdraw his plea of guilty, as drawn

from defendant's motion for rehearing, were (1) undue delay, (2) a frivolous request, and (3) the lack of a sufficient reason (*i. e.*, the mere fact defendant was 18 years of age and unrepresented by counsel is not sufficient reason to allow a withdrawal of a guilty plea).

The granting or denying of a motion for withdrawal of a guilty plea before or after sentence is within the discretion of the trial judge. *People* v. *Zaleski* (1965), 375 Mich 71. *People* v. *Case* (1954), 340 Mich 526. In the instant case defendant had pled guilty approximately 2 years prior to making his motion to withdraw his plea of guilty. He had been placed on probation and only a few weeks from completing the term, was found to be in violation and his probation was revoked. He was then sentenced to prison. The trial judge denied defendant's motion after a hearing in which defense counsel argued defendant's failure to understand and comprehend the consequence of his plea because of youth, lack of a high school diploma, and unfamiliarity with criminal procedures.

No persuasive reason having been presented to the trial court or this Court, and failing to find an abuse of discretion on the part of the trial judge, we find no error in the denial of defendant's motion to withdraw his guilty plea. *People* v. *Zaleski, supra.*

Affirmed.

BURNS and J. H. GILLIS, JJ., concurred.