PEOPLE *v.* STANTON

CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER.

> Defendant's claim that he could not knowingly and intelligently
> waive his right to the assistance of counsel at the time of
> his arraignment due in large part to his youth is without
> merit.

Appeal from Eaton, Richard Robinson, J. Submitted Division 3 October 16, 1970, at Marquette. (Docket No. 9532.) Decided December 8, 1970.

Richard Stanton was convicted, on his plea of guilty, of breaking and entering with intent to commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald E. Zimmer,* Prosecuting Attorney, for the people.

*Milton L. Zentmyer,* for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 316, 317.

Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.

PER CURIAM. This is an appeal from a denial of a motion for a new trial.

Defendant was arrested on October 17, 1968, in Eaton County. A criminal warrant was issued on October 23, 1968, charging the defendant with breaking and entering with the intent to commit larceny, MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Defendant was arraigned on October 31, 1968, and entered a plea of guilty to the charge; he was not represented by counsel at that arraignment. On November 21, 1968, defendant was sentenced to serve 1–1/2 to 10 years, with the recommendation that he be sent to the Michigan Training Unit. On February 24, 1970, defendant filed a motion to set aside the conviction, vacate sentence, and for a new trial. The motion was denied on March 12, 1970, and defendant filed a claim of appeal on March 23, 1970.

Defendant contends that his waiver of assistance of counsel at the arraignment was not knowingly and intelligently done, due in large part to his youth (19 years of age).

This contention has been before this Court before and we find now, as we have before, that it is without merit. *People* v. *Schwartz* (1967), 6 Mich App 581; *People* v. *Schaffer* (1966), 4 Mich App 192; *People* v. *Wilson* (1966), 5 Mich App 428.

The lower court is affirmed.