# PEOPLE *v.* SIMPSON

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.

   The Court of Appeals cannot presume that a 16-year-old defendant intelligently waived his absolute right to appointed counsel where the record shows that he was misinformed by the trial judge that the right was, in effect, conditional, by being told that if he or his parents were not able to provide a lawyer, the court would "consider" appointing one.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—PLEA OF GUILTY.

   Defendants who plead guilty are *entitled* to the benefit of counsel.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER—PLEA OF GUILTY.

   A plea of guilty made without assistance of counsel must be vacated where the record shows that the defendant was 16 years old, and was told by the trial judge at his arraignment that if he or his parents were not able to provide an attorney, the court would "consider" appointing a lawyer for him, and where there is nothing in the record to show that he had independent knowledge of his right to appointed counsel, because under the circumstances a valid waiver of the right to counsel cannot be presumed.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 June 10, 1971, at Lansing. (Docket No. 8504.) Decided June 30, 1971.

Joe Edward Simpson was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Plea vacated and remanded for further proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 318, 319, 486, 488.
[2] 21 Am Jur 2d, Criminal Law §§ 486, 488.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*McCallum, O'Reilly & Cornell,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DANHOF, JJ.

LESINSKI, C. J. Defendant Joe Simpson was convicted upon his plea of guilty of breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

In 1964 defendant, then 16 years old,[1] waived preliminary examination and pled guilty at arraignment. Although not represented by an attorney, defendant's parents were present when the trial judge explained defendant's right to counsel:

*"The Court:* You understand that you have a right to have a lawyer represent you or advise you at all times?
*"The Respondent:* Yes, sir.
*"The Court:* You understand that, in the event that you are unable to secure an attorney and you can convince the court that you and your parents are not able to provide an attorney, then the court will consider appointing a lawyer for you? You understand that?
*"The Respondent:* Yes, sir.

\*    \*    \*

*"The Court:* Do you have any questions you want

---

[1] Although a juvenile, jurisdiction of the probate court over defendant was waived. See MCLA § 764.27 (Stat Ann 1971 Cum Supp § 28.886).

to ask me about the charge or any other requests you want to make?

"*The Respondent:* No, sir.
"*The Court:* How do plead to this?
"*The Respondent:* Guilty."

A few days after sentence was imposed, defendant sent the following letter to the trial judge:

"I was sentenced this day 12–30–1964 by you in your court to two to ten years in Ionia Prison. Having never been in trouble or in a court before I was not familiar with the rules and procedures. I understand it is my right to have the court appoint me an attorney and also that I may file for an appeal within a certain length of time. Being I had no counsel, I feel that all of the facts did not come out which put me to a disadvantage. Therefore I feel in all fairness I should appeal. Would you please appoint me an attorney so I may file an appeal."[2]

Defendant contends on appeal that he could not voluntarily, intelligently, and knowingly waive his right to appointed counsel at the arraignment because the trial judge did not accurately inform him of that right. Defendant claims that the words "will consider" as used by the trial judge sufficiently misinformed him of his absolute right to appointed counsel upon a showing of indigency as to render the waiver invalid.

In *People* v. *Bailey* (1967), 7 Mich App 157, a similar claim was sustained where a 19-year-old indigent defendant, unfamiliar with the proceedings

---

[2] Since counsel was not appointed per this request, defendant filed a petition for appointment of counsel for appeal on January 26, 1965. Again counsel was not appointed. In August 1969, defendant requested a transcript from the clerk of the court. On referral, the prosecutor's office informed defendant that they did not supply court files in cases such as his. On September 10, 1969, the circuit court finally responded to defendant's requests by the appointment of counsel. Such delay cannot be countenanced.

and acting under the apparent misapprehension that it was too late for an attorney, waived counsel after being informed that the court would only "consider" such a request, on the basis that, under those circumstances, such instructions were not in substantial compliance with the requirements of GCR 1963, 785.3(1).

The decision in *People* v. *Bailey, supra,* rested upon the particular circumstances there presented. It does not stand for the proposition that use of incorrect verbiage by the trial judge, standing alone, allows a defendant to withdraw his guilty plea. Nor does *Bailey* hold that minor defendants may not validly waive assistance of counsel. On the contrary, there is sufficient authority that minors may waive constitutional rights to put that issue to rest. *People* v. *Stanton* (1970), 28 Mich App 597; *People* v. *Schwartz* (1967), 6 Mich App 581; *People* v. *Shaffer* (1966), 4 Mich App 192; *People* v. *Wilson* (1966), 5 Mich App 428.

The prosecution argues that the language used by the trial judge substantially complies with GCR 1963, 785.3(1) and the requirements of the Fourteenth Amendment, and that although a "technical" misstatement was made, the fundamental inquiry on review should be limited to whether there has been a miscarriage of justice. See *People* v. *Winegar* (1968), 380 Mich 719.

The prosecution cites *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar, supra,* for the proposition that since defendant recited facts showing his participation in the crime sufficient for conviction and no contention of innocence is now interposed, nor any facts alleged which would indicate that the plea was involuntarily made, no miscarriage of justice resulted from the judicial miscue here involved.

*Dunn, Stearns, Winegar,* and *People* v. *Hobdy* (1968), 380 Mich 686, hold that once an accused is fully informed of the right to appointed counsel, his stated desire to plead guilty constitutes a valid waiver and that an express waiver is not necessary. The thrust of those cases is that mere technical noncompliance with a rule is not enough to vacate an otherwise valid plea of guilty, once it is apparent that the accused fully understands his constitutional rights.

However, it is one thing to say that express waiver is not required; it is something else to presume a waiver of a constitutional right from a record which shows that the accused was misinformed of his rights. See *People* v. *Burian* (1971), 32 Mich App 220. As stated in *Carnley* v. *Cochran* (1962), 369 US 506, 516 (82 S Ct 884, 890, 8 L Ed 2d 70, 77): "The record must show    *   *   *    that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver". We cannot presume that a 16-year-old can intelligently waive an absolute right upon being informed by the trial judge that the right was, in effect, conditional.

The assistance of counsel to an indigent defendant in a criminal trial is a fundamental right and a denial of such assistance violates the Fourteenth Amendment. *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733). Even defendants who plead guilty are *entitled* to the benefit of counsel. *Rice* v. *Olson* (1945), 324 US 786 (65 S Ct 989, 89 L Ed 1367). At that stage of the proceedings the advice of counsel cannot be gainsaid. A lawyer, looking at the array of evidence and weighing the mitigating circumstances, might have an entirely different opinion on the advisability of offering a plea than one not familiar

with the proceedings. The relevant court rule recognizes this principle by stating that the accused must be informed that if indigent, the court "will" appoint counsel, if requested, prior to acceptance of the plea of guilty. GCR 1963, 785.3(1). It does not give the trial judge the option to merely "consider" such a request. *People* v. *Cairns* (1966), 4 Mich App 633, 640.

It is not clear from the record that this 16-year-old defendant intelligently waived his right to counsel, or even knew of his right to have a lawyer's advice concerning his election to plead guilty. His letter sent within days of sentencing requesting counsel on appeal suggests that the judicial miscue had a real bearing on his supposed waiver of counsel at arraignment. Defendant's claim that all the facts concerning his participation in the incident were not presented and that he was prejudiced by the absence of counsel raised the issue of whether he adequately understood his right to have a lawyer's advice. Yet, the trial court's denial of his motion to withdraw the plea rested on the rule that express waiver of counsel is not now required. The lower court did not rule that defendant was accurately informed of his rights and there is nothing in the record to show that he had independent knowledge of his right to appointed counsel.[3] While the trial judge did ask defendant if he had any questions, to a 16-year-old this may not have been understood as an opportunity to request counsel. *People* v. *Bailey, supra; People* v. *Atkins* (1966), 2 Mich App 199. We do not wish to imply that the particular misstatement committed while informing this defendant of his rights will always require the holding

---

[3] While it is intimated that defendant's prior contact with juvenile authorities is evidence that he knew his rights, his experiences in juvenile court, where informality is stressed, would not ordinarily prepare him for this situation.

we reach here, but the facts in this case are too similar to the circumstances presented in *People* v. *Bailey, supra,* to presume a valid waiver of the right to counsel.

The plea is vacated and the matter remanded for further proceedings.

All concurred.